JOAQUÍN LABOY y/o RITA DELGADO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. ANTONIO J. MATTA, JUEZ, demandado.

*Número:* O-67-80      *Resuelto:* 11 de junio de 1969

*Guillermo S. Pierluissi* y *Walter Pierluissi,* abogados de los peticionarios; *Eddie Gaud* y *Jorge López Ramírez,* abogados de la Junta de Planificación.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: Se trata de una demanda de *injunction* presentada por la Junta de Planificación contra los demandados solicitando se les ordene demoler una estructura de 9' 7" × 37' de hormigón y bloques techada de zinc, construida por ellos en violación de las leyes y reglamentos de planificación. Demandó la Junta a través del Departamento de Justicia a tenor con lo dispuesto en el Art. 4 de la Ley Núm. 429 de 23 de abril de 1946, según enmendada, 23 L.P.R.A. sec. 35, que lee como sigue:

"La Junta de Planificación de Puerto Rico queda expresamente autorizada para a través del Departamento de Justicia entablar el recurso adecuado en ley para impedir, prohibir, anular, vacar o remover cualquier edificio construido, usado o mantenido en violación de las secs. 24, 27, 28 y 31 a 42 de este título y/o de los Reglamentos que regulan la construcción y uso de edificios o pertenencias en Puerto Rico."

En este recurso se señala como error que el tribunal de instancia abusó de su discreción al declarar con lugar una Moción de Oposición a Interrogatorios sometida por la Junta, mediante su Resolución de 28 de febrero de 1967, la cual lee así:

"Examinada la Moción interpuesta por la parte demandante, y por los méritos allí expuestos, la misma se declara con lugar y en su consecuencia, se deja en toda su fuerza y vigor el señalamiento para celebrar vista del caso en sus méritos el día 7 de marzo de 1967.

Se apercibe a la parte demandada que dicho señalamiento para la vista en su fondo no será suspendida. Ponce, Puerto Rico, a 28 de febrero de 1967."

Considerando que la demanda original en este pleito se presentó en 12 de agosto de 1965; que antes del interrogatorio aquí en cuestión los demandados habían presentado otros dos

interrogatorios, uno en 28 de febrero de 1966 y otro en 21 de marzo de 1966; que habiéndose señalado el caso para la vista en su fondo para el 16 de junio de 1966, ese día comparecieron los abogados de las partes y se reunieron con el juez en cámara para una conferencia con antelación al juicio y que "como resultado de la misma han llegado a un acuerdo transaccional," según reza la Minuta de ese día; que el tribunal le concedió a las partes 10 días para presentar por escrito la estipulación y un proyecto de sentencia; que seis meses después, en 12 de diciembre de 1966, la Junta solicitó que se viese el caso porque "el demandado no se había comunicado con su abogado a los fines de firmar la estipulación acordada a pesar de habérsele invitado a ello por escrito"; que el tribunal señaló de nuevo la vista del caso para el 17 de enero de 1967; que este tercer interrogatorio fue notificado en 13 de febrero de 1967; que el tribunal volvió a señalar el caso para el 7 de marzo de 1967; que la Resolución aquí impugnada recayó en 28 de febrero de 1967; que el demandado peticionario presentó en este Tribunal su recurso de *Certiorari* el 6 de marzo de 1967 lo cual paralizó los procedimientos en el tribunal de instancia que habían comenzado en 12 de agosto de 1965; que lo antes relatado y otros incidentes que sería prolijo aquí relacionar forman un cuadro de dilación de los procedimientos; resolvemos que el tribunal de instancia no abusó de su discreción al dictar su Resolución de 28 de febrero de 1967.

*En vista de lo anterior se anulará el auto expedido y se devolverá el caso al tribunal de instancia para que se continúen los procedimientos.*